KUHN, J.,
concurring.
|TI concur for the specific purpose of setting forth the circumstances surrounding the tragic murder of Hunter Horgan, III, an Episcopal priest, and the prolonged police investigation that ultimately led to defendant’s indictment and conviction. The majority opinion states in footnote four that “[t]he facts of the offense in this heinous and tragic case are not at issue in this appeal....” However, in my view, knowledge of these circumstances is essential to place the issue raised in this appeal in proper perspective, as well as to understand the reason for the passage of over fifteen years from the commission of the crime to trial.
The murder of Father Horgan, which occurred inside the church hall, was shockingly brutal. He sustained multiple blunt-force injuries to the back of his head, resulting in four to five savage lacerations. At least one of the lacerations from an unidentified blunt object was so ferocious that it caused a depressed skull fracture that pressed bone inward into the brain tissue. Father Horgan also was violently *173 subjected to multiple sharp-force injuries to the right side of his face and neck. One injury at the base of Father Horgan’s neck transected his carotid artery through and through. Either this injury or the head trauma alone would have been sufficient to cause his death. Additionally, the presence of numerous wounds consistent with defensive wounds on Father Horgan’s arm, wrist and hand indicates he was conscious and struggled vainly for his life during the vicious attack. When his body was discovered, one of Father Horgan’s pant pockets was askew with the inside lining sticking out and his wallet was missing.
|2The police immediately began an intensive investigation of the murder, during which latent fingerprints were taken from various locations in the church hall, including a bloody fingerprint from a small table located in close proximity to Father Hor-gan’s body and another from a water faucet in the church hall kitchen near some drops of diluted blood. Despite the efforts of the police, which included following up all of the numerous tips they received and conducting well over two hundred interviews, no suspect was identified for several years.
The police received information in May 1998, that resulted in defendant, who at the time of the murder lived approximately one block from the church hall, becoming a suspect. At that time, he was advised by police officers that he was a suspect in the murder of Father Horgan and was interviewed concerning his involvement. However, defendant thwarted the investigation by blatantly lying to the police, denying any knowledge of or involvement in the murder or even that he had ever been inside the church hall. The police took a set of palm and fingerprints from defendant using the technique common at that time. Although the fingerprint cards were submitted to the Louisiana State Police Crime Laboratory (LSPCL) for comparison, no match was made to the latent fingerprints taken from the crime scene. Since the police had no additional leads, the investigation grew stale.
In 2007, the Lafourche Parish Sheriffs Office working jointly with the Thibodaux Police Department reopened the Horgan investigation. The investigators decided to resubmit the fingerprints taken from the crime scene to the LSPCL, which at that time matched defendant’s left thumbprint to the latent fingerprint lifted from the church hall water faucet during the original 1992 investigation. Additionally, the LSPCL fingerprint analyst requested that the police take “major case prints” from defendant for further comparison, since his fingerprint cards that had been submitted to the laboratory lacked sufficient ridge Isdetail in some areas. Full case prints are obtained by a technique utilizing ink and tape and provide greater ridge detail. After defendant’s full case prints were obtained in June 2007, they were examined by fingerprint analysts at the LSPCL and an additional match was made to the bloody fingerprint found on the tabletop next to Father Horgan’s body.
Thereafter, defendant was indicted on September 26, 2007, for Father Horgan’s murder. At trial, testimony was presented that defendant made threats sometime in the 1990s against an individual he had told about the murder in order to prevent that individual from talking to anyone about what he was told by defendant. Thus, although it took over fifteen years for defendant to be charged with the instant crime, it is clear that the delay was due to affirmative efforts defendant made to avoid responsibility, which included threatening a possible witness and lying to the police.
In conclusion, I agree with the majority’s affirmation of defendant’s conviction *174 and the reversal of the defendant’s motion to quash. I concur herein solely to emphasize that the factual circumstances surrounding the murder and the prolonged police investigation are matters necessary to a full understanding of the issue raised on appeal, as well as being highly pertinent to the trial court upon remand of this matter.